UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
**FILED**
NOV 13 2025
AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO.

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                              **PLEA AGREEMENT**

RAY DEAN JR.                                                 DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Information, charging a violation of 18 U.S.C. § 152(3), false declaration. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count 1 or 18 U.S.C. § 152(3) are:

    (a) There was a bankruptcy proceeding;

    (b) The defendant made a declaration, certification, verification, or statement under penalty of perjury in relation to the bankruptcy proceeding;

    (c) The declaration, certification, verification, or statement related to some material matter;

    (d) The declaration, certification, verification, or statement was false; and

(e) The defendant made it knowingly and fraudulently.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) In March of 2020, the Coronavirus Aid, Relief, and Economic Security (CARES) Act established several new temporary relief programs and provided for the expansion of others, including the Economic Injury Disaster Loan (EIDL) program administered by the Small Business Administration (SBA), to address the COVID-19 pandemic.

(b) The EIDL Program provides loans for small businesses suffering from an economic disaster. During the pandemic, EIDL proceeds were permitted to be used to pay normal operating expenses such as rent, utilities, and payroll.

(c) On or about April 13, 2021, the Defendant filed an EIDL application #3318470445 on behalf of "Ray Dean jr", The SBA approved this application for a $200,000 EIDL. Before receiving the funds, the Defendant electronically signed a Loan Authorization and Agreement in which he agreed that he would use the proceeds of the EIDL solely as working capital for his business to alleviate economic injury. The SBA issued an EIDL in the amount of $200,000.

(d) After receiving the $200,000 EIDL, the Defendant withdrew the money and deposited it into his church's bank account. The Defendant is the pastor of his church and is an authorized user on the church's bank account. He then used $92,000 of the EIDL funds to purchase a mobile home.

(e) On June 20, 2024, the Defendant filed a petition for bankruptcy, under title 11, chapter 7, of the United States Code, and accompanying documents in the United States Bankruptcy Court for the Eastern District of Kentucky. The Defendant stated that his only liability was his $200,000 EIDL. Under penalty of perjury and in response to question 17 of Schedule A/B, which requires a debtor to disclose any "checking, savings, or other financial accounts," the Defendant only disclosed two accounts with a combined balance of $105. This was a material and false statement. The Defendant did not disclose his interest in the Gods Temple bank account, which still had over $100,000 worth of EIDL proceeds in it at the time he filed his Schedules. Under penalty of perjury and

in response to question 1 of Schedule A/B, which requires a debtor to disclose any "legal or equitable interest in any residence, building, land, or similar property," the defendant answered "No." This was a material and false statement. The Defendant did not disclose his interest in the 2021 Tru Grand mobile home he purchased using EIDL proceeds. The defendant made these statements knowingly and fraudulently to discharge his EIDL while keeping the EIDL funds for his own personal use.

4. The statutory punishment for Count 1, 18 U.S.C. § 152 is imprisonment for not more than 5 years, a fine of not more than $250,000, and a term of supervised release of not more than 1 year. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a) The latest version of the United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes his EIDL application, use of the EIDL funds, and his bankruptcy proceedings.

(c) The United States and the Defendant disagree about what sentencing guideline section is applicable to this case. The United States proposes that U.S.S.G. § 2B1.1 applies while the Defendant proposes that U.S.S.G. § 2J1.3 applies.

(d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(e) Pursuant to U.S.S.G. § 5E1.1, the Defendant shall pay $200,000 for the principal balance, and additional interest through the date of entry of this plea agreement to the SBA for EIDL No. 1229149105.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea and conviction. He also waives the right to challenge on direct appeal the District Court's determination as to which Guideline section applies to his case—U.S.S.G. §§ 2B1.1 or 2J1.3. However, he reserves the right to appeal all other sentencing issues including the procedural and substantive reasonableness of his sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

9. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

10. The Defendant agrees to pay restitution in at least the amounts, including interest as determined by the Court at sentencing, and to the victim as set forth in Paragraph 5(e) of this Agreement pursuant to 18 U.S.C. § 3663(a)(3); provided however, that such

restitution amount shall be offset by any amounts that the Defendant has actually paid directly to the victim.

11. The Defendant agrees to the terms and conditions set forth in this paragraph; provided however, that the terms and conditions set forth in this paragraph shall no longer be applicable upon the Defendant's payment in full of his restitution as provided for in Paragraph 5(e) of this Plea Agreement. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau

of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District

Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

13. By no later than ten days prior to sentencing, the Defendant agrees to pay $200,000 by certified check or money order made payable to the "Clerk, U.S. District Court," or as otherwise specified by the United States, to be deposited into the Court registry until the date of sentencing and, thereafter, to be applied to satisfy the financial obligations of the Defendant, pursuant to the judgment of the Court.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. MCCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 10/20/2025        By: _____
                            Brittany Dunn-Pirio
                            Assistant United States Attorney

Date: 10-29-2025            _____
                            Ray Dean Jr.
                            Defendant

Date: 10-29-2025            _____
                            Christy Love
                            Attorney for Defendant